**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, et al.,** : : : : : : : : | 5:05-CV-432 (WDO) |
| **Plaintiffs** : : | |
| v. : : | |
| **ENGELHARD CORP.,** : : | |
| **Defendant** : | |

**ORDER**

On September 1, 2004 Defendant Engelhard terminated Randy Cole for violation of the company's substance abuse policy. Pursuant to the parties' collective bargaining agreement, Cole's union, Plaintiffs herein, filed a grievance regarding Cole's termination. After Engelhard denied the grievance, the union requested arbitration. Engelhard refused to arbitrate the matter contending that a termination pursuant to the substance abuse agreement was not arbitrable under the collective bargaining agreement. The union thereafter filed this lawsuit requesting the Court to order Engelhard to arbitrate Cole's termination. Engelhard counterclaimed for monetary losses incurred in defending this lawsuit. The matter is now before the Court on the parties' cross motions for summary judgment. Plaintiffs requested a hearing on the motions but a careful reading of the file enables the Court to make the

1

following legal findings and a hearing is unnecessary.

### *Arbitrability of the Underlying Issues*

Engelhard contends that Plaintiffs filed this case outside of the applicable statute of limitations and thus the case should be dismissed. For cases to compel arbitration filed in federal courts in Georgia, the Eleventh Circuit has "adopted a six month statute of limitations." Aluminum Brick and Glass Workers Intern. Union v. AAA, 991 F.2d 1545, 1548 n.2 (11th Cir. 1993) (citation omitted). This time period begins to run when one party unequivocally refuses to arbitrate the dispute. Id. (citations omitted). In AAA, the court found that the following were not "unequivocal refusals to arbitrate": in response to the union's request to return to arbitration, the company stated "I'm sure you will agree that the matter is closed and it would be inappropriate to reopen it as this time." Id. at 1548. The court found this was an attempt to persuade the union that it had no basis for the suggestion that the parties should return to arbitration. Id. A later letter from the company stated it would be "interested to see" what the union's position was on the issue to be arbitrated. The court found this was further evidence that "neither party had locked itself into one position." Id. It was not until the company stated in a letter that it "must respectfully decline your request to return to the Arbitrator" that the company unequivocally adopted the position that it would not arbitrate. Id. at 1548-49.

In the case at bar, from the very beginning of the grievance process, Engelhard's representative, Mr. Garrison, at all times held firm to his decision that Cole's termination was not arbitrable because he was terminated pursuant to the substance abuse policy, as shown

in the following interactions between the parties:

- November 19, 2004 - a meeting between the parties where Garrison stated this grievance was not arbitrable.[1]

- December 11, 2004 - a written memorialization that Cole's termination was not subject to the grievance procedure.[2]

- December 28, 2004 - Engelhard's written grievance response stating "Cole was discharged for violation of our negotiated Substance Abuse policy. His discharge is not subject to further processing in the grievance process since it is a violation of the agreed to substance abuse policy."[3] Cecil Waters, the union president, testified that, after this letter was sent, Garrison never later stated he would arbitrate the issue.[4] Jim Curtis, the union secretary, testified that Garrison continued to say throughout the grievance procedure that Cole's termination was not arbitrable.[5] Curtis was asked whether Garrison ever wavered on that, whether Garrison ever said that it "might be" subject to arbitration or whether Garrison always stuck to the point that it was not subject to arbitration. Curtis responded, "He always stuck to the point" that it was not

---

[1] R. at 26, p. 54 (Walters Dep.), Ex. 6.

[2] Id. at p. 55.

[3] R. at 19-7.

[4] R. at 26, p. 56.

[5] R. at 24, p. 18.

3

arbitrable.[6]

- May 11, 2005 - a communication from Engelhard to the union that the issue was not arbitrable because the collective bargaining agreement had not been violated. Waters was asked whether it was at this time the union concluded that Garrison was not going to arbitrate Cole's termination. Waters responded, "No. We knew that prior to."[7]

- May 31, 2005 - an email in which Engelhard stated Cole's discharge was not subject to the grievance process.[8]

- June 30, 2005 - the union stated in its charge against Engelhard that "Since on or about May 11, 2005, the above-named employer refused to bargain with the below-name Labor Organization, the certified bargaining representative of the majority of its employees, by its refusal to arbitrate grievances.[9]

The statute of limitations commenced at the very latest on May 11, 2005, based on Plaintiff's written admission of this date on its grievance form. Plaintiffs contend that, because Engelhard continued to *respond* to their demands for arbitration, Engelhard never "unequivocally" refused to arbitrate. Continued correspondence with a union does not toll the six-month time limit. Sosbe v. Delco Electronics Div. of General Motors Corp., 830 F.2d

---

[6]Id.

[7]R. at 26, p. 60.

[8]R. at 19-8.

[9]R. at 26, Ex. 4.

83, 87 (7th Cir. 1987) (citation omitted). "Otherwise, a plaintiff could indefinitely delay resolution of labor disputes merely by bombarding his union with tiresome requests." Id. (citation omitted). Engelhard stated as early as November 19, 2004 that the issue of Cole's termination was not arbitrable and never once wavered from that position. There is more than sufficient cause to find that the statute of limitations began to run on that date. However, construing the facts in the light most favorable to Plaintiffs, the statute began to run no later than May 11, 2005. Plaintiffs had until November 11, 2005 to timely file this case. Because Plaintiffs did not file until November 23, 2005, this action is time-barred.

*Counterclaim*

Engelhard contends that Cole's termination pursuant to the substance abuse policy was not subject to arbitration and therefore Plaintiffs filing this suit was in violation of the collective bargaining agreement. Engelhard filed a counterclaim seeking attorney's fees, costs and damages incurred by its defense of this action. Because the Court has found that the underlying case was not timely filed and this Court must follow the federal policy of prompt resolution of labor disputes, the Court may not reach any substantive issues such as whether Cole was wrongfully terminated or whether Plaintiffs are liable for a breach of the collective bargaining agreement by filing this suit. Moreover, the statutes applicable to this case do not provide for attorney's fees and a court may award fees only if a party violates those laws "in bad faith, vexatiously, wantonly or for oppressive reasons." Frech v. Pensacola S.S. Ass'n, 903 F.2d 1471, 1477 (11th Cir. 1990). There is no evidence that either party in this case meets the "bad faith" standard. In the collective bargaining agreement

5

section entitled "Middle Georgia Substance Abuse Agreement, Section VII it is set forth that "the only grievance that will be filed related to this agreement will be in situations where the Union alleges that the Company has violated part of all of this agreement."[10] The Union brought this suit based on its belief that Engelhard violated the agreement when Cole was terminated and Engelhard has at all times believed it acted within the agreement. The dispute in this case is over the different interpretations of the collective bargaining agreement's limitation on matters that are arbitrable. Both sides presented viable arguments supporting their positions. Accordingly, Defendant is not entitled to damages or attorney's fees for defending this action and Defendant's counterclaim is DISMISSED.

Plaintiffs' motion for summary judgment is DENIED except as to the counterclaim. Defendant's motion for summary judgment is GRANTED except as to its counterclaim.

**SO ORDERED this 1st day of November, 2006.**


**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**

---

[10] R. at 19-3.